JAMES HAVENS v. STATE OF MISSISSIPPI.

CRIMINAL LAW. *Continuance. Absence of witnesses.*

The absence, on account of sickness, of witnesses who have been duly subpœnaed, entitles the accused to a continuance, when it appears that their testimony might determine in his favor a conflict in the evidence decisive of the case.

FROM the circuit court of Tallahatchie County.
HON. F. A. MONTGOMERY, Judge.
The opinion states the case.

*R. R. Buntin,* for the appellant.
It was reversible error on the part of the court below to refuse the continuance asked for by appellant. *Borroum* v. *State,* 22 So. Rep., 62; *Hill* v. *State,* 72 Miss., 527.

*Eskridge & Dinkins,* on the same side,
Filed a brief discussing the facts, and also citing *Borroum* v. *State,* 22 So. Rep., 62.

*Wiley N. Nash,* attorney-general for the state,
Contended that the showing made for a continuance was insufficient, and cited *Lamar* v. *State,* 63 Miss., 265.

WOODS, C. J., delivered the opinion of the court.

The appellant was indicted for unlawfully selling liquor. When called for trial he made application for a continuance, on account of the absence of two material witnesses, by whom, as stated by him under oath, he could prove that he did not sell any liquor, as charged. These witnesses had been regularly subpœnaed, and had been in attendance upon the court at an earlier day. One of these witnesses, the wife of the accused, as shown by the sworn application, was detained at home, and was unable to attend court, by reason of her own sickness, and by reason of the sickness of her child. The other witness was a woman who was expecting to be confined in childbirth daily, and she was therefore unable to attend, as stated likewise in the sworn application. The motion was denied, and the accused put to trial and convicted. The only direct evidence offered by the prosecution, as to the fact of a sale having been made, was that of L. Coleman. He swore he bought the liquor shortly after dark one night, at the house of the accused, and that the two absent witnesses were at the house, but not in the room where the sale was made. The accused swore that he did not sell Coleman any liquor, and that he had no liquor in his house, and that both absent witnesses were present in the room, and saw and heard all that occurred.

Looking back over a completed trial, we can now see the importance of the evidence of the absent witnesses, and the probability of a different result if they had been present and testified. Reluctant as we are to disturb the action of a trial court in passing upon applications for continuances, we have been unable to bring ourselves to consent that the accused may not have been greatly prejudiced by the court's action in this particular case.

*Reversed.*