## BROOKS *v.* STATE.

[67 South. 53.]

CRIMINAL LAW. . *Continuance. Absent witness.*

> Where in a criminal case a subpoena for defendant's wife as a witness was duly issued and falsely returned by the sheriff as having been personally served, and this being discovered, a second subpoena was issued to another county, which was returned as not found with a letter by the sheriff that the witness could be found in still another county, and another subpoena was requested to that county, which was not issued, and at the trial, defendant made a motion for a continuance showing that the absent witness was a material witness, it was reversible error for the court in such case to refuse to grant a continuance.

HON. C. L. DOBBS, Judge.

APPEAL from the circuit court of Leak county.

Rubert Brooks was convicted of murder and appeals. The facts are fully stated in the opinion of the court.

*Crawley & Glass,* for appellant.

*Frank Johnston,* Assistant Attorney-General, for the state.

COOK, J., delivered the opinion of the court.

Appellant was convicted of murder, and sentenced to confinement in the penitentiary for the term of his natural life. It appears from the record that the homicide was the culmination of the estrangement of appellant and

his wife. The wife had left the home of the appellant and had gone to the home of deceased, who was the husband of her mother. When the case was called for trial, defendant filed a written application for a continuance on account of the absence of his wife. It appears that a subpoena had been issued by the clerk for the wife, and was returned by the sheriff as executed personally on the witness. Investigation developed that this subpoena had been returned by a deputy sheriff, who was the son of deceased. It was also developed that the return was false, and that Mrs. Brooks had never been served with process. A second subpoena was issued to Jeff Davis county, which subpoena was returned "not found," and was accompanied by a letter from the sheriff of Jeff Davis county, giving the information that the witness could be found in Lawrence county. Defendant then asked for process for this witness directed to the sheriff of Lawrence county. The application for continuance avers that this process had not been issued. The witness was never subpoenaed, and defendant was deprived of her evidence. It seems to have been the idea of the court that the witness could be obtained before she was needed, and, acting upon this theory, the defendant's motion for a continuance was overruled, and he was put upon trial with the result stated.

The application for a continuance says that this witness would have testified that she was persuaded by deceased to leave her husband, the defendant; that he had attempted to seduce her, and had threatened to kill the defendant; that he (defendant) had visited her at the home of deceased the night before the homicide, and that then and there deceased had threatened to kill defendant if she left his home; that, after defendant had left the home of deceased, deceased told her that he had it in for defendant and would kill him if he ever crossed his path again. The motion also said that defendant's wife, if present, would swear that deceased went armed in anticipation of a deadly encounter with defendant.

It seems to us that the wife would have been a material and valuable witness for defendant, if the motion for a continuance is to be believed, and it was not traversed. There was one eyewitness to a part of the encounter which resulted in the homicide, but he did not see what transpired, or hear what was said immediately preceding the fatal shot. The defendant took up the thread where the state's witness dropped it, and his version as to what was said and done is not contradicted by the state's witness. The defendant admitted all the state's witness said — his story was exactly the same as the story recited by the state's witness — but supplemented what was heard and seen by the state's witness with what afterwards occurred. If his version is true, he was justified in slaying deceased. If his story is rejected, and that part of the state's witness is adopted as being all that was said and done at the time of the homicide, the defendant was properly convicted.

It is argued that the position of the deceased's body and the surrounding physical circumstances — the dumb witnesses — demonstrate the falsity of defendant's testimony. We do not concur in this theory. The theory is strongly supported by the evidence, but it falls short of demonstration.

Defendant's version of the *res gestæ* is not necessarily in conflict with the physical facts, and, if we accept as a part of the pertinent facts what defendant said in his motion for a continuance his wife would have testified, a new light would have been thrown upon the scene, and would, if believed by the jury, have given an entirely different color to the probable attitude of mind and acts of the principals in the tragedy.

We believe defendant was deprived of material and substantial evidence, and for this reason the case is reversed and remanded.

*Reversed and remanded.*