JOHNSON *v.* STATE.

[72 South. 239.]

CRIMINAL LAW. *Trial. Continuance.*

> Where in a prosecution for unlawful retailing accused filed an application for a continuance, setting forth that an absent witness had been subpoenaed, that he was present at the time and place when it was alleged that the liquor was sold and that he would contradict the states witness, and that he was the only witness by whom accused could make such proof the fact in such application not being contradicted, it was reversible error for the court to deny defendant a continuance, despite the trial court's discretion in the matter.

APPEAL from the circuit court of Jones county.

HON. O. B. JOHNSON, Judge.

Rich Johnson was convicted of unlawful retailing intoxicating liquors and appeals.

The facts are fully stated in the opinion of the court.

*J. T. Taylor, Hardy & Arnold* and *W. J. Pack,* for appellant.

*Ross A. Collins,* Attorney-General, for the state.

HOLDEN, J., delivered the opinion of the court.

The appellant was indicted, tried, and convicted in the circuit court of the First district of Jones county for retailing, and appeals here, assigning one error of the lower court as ground for reversal. Here is what the appellant complains to us about: When his case was called in the court below, he made an application, in due and regular form, for a continuance on account of the absence of Murf Griffin, one of his material witnesses. The application showed that Murf Griffin had been duly subpœnaed as a witness for the defendant, and that he lived within the jurisdiction of the court; that he would swear that he was present with the defendant at the time and place where the liquor was alleged to have been sold by the defendant; that he would testify positively that no such sale was made by the defendant; that this was the only witness by whom he could make such proof; that this proof by this witness would positively contradict the testimony of the state's witness as to the sale; and he asked that the case be passed or delayed for a few days, or continued until the next term of the court, in order that he might secure the attendance of this witness Griffin by further process of the court. The application is regular in all respects as required by law, and is taken to be true in its allegations, so far as this record discloses. This application by the defendant was not contested in any manner, nor disputed by the state. The court made no further effort to obtain the presence of this witness at the trial, nor did the court delay or pass this case for a future day of that term, or continue it; but, in the face of this showing made by the defendant, the court proceeded to try the de-

fendant. He was convicted by the jury and was sentenced to pay a fine of three hundred dollars, serve sixty days in jail, and also was required to furnish a bond, in the sum of five hundred dollars, additional, to keep the peace for two years.

The trial judge is vested with a liberal discretion in passing upon applications for continuance; but, when a defendant makes a proper and strong showing for a continuance, as was done in this case, and it appearing that the facts set up in the application are not disputed or contradicted, and are therefore considered *prima facie* true, and where the court makes no effort in any way to compel the attendance of such a material witness, it is error to force the defendant to go to trial under such circumstances. The "absent witness" excuse for a delay in the trial of a case may still be successfully invoked under the law of this state, when the showing made by the application, and the other evidence in the trial, affirmatively discloses that the defendant would be prejudiced in his rights by denying him the benefit of material and vital testimony in his behalf at the trial. *Havens* v. *State,* 75 Miss. 488, 23 So. 181; *Brooks* v. *State,* 67 So. 53.

*Reveresed and remanded.*