EAST *v.* STATE.

(Division B. Dec. 1, 1930.)

[131 So. 97. No. 29009.]

**T. B. Davis,** of Columbia, for appellant.

Edwin R. Holmes, Jr., Assistant Attorney-General, for the state.

Ethridge, P. J., delivered the opinion of the court.

Ross East, the appellant, was indicted and convicted of obtaining property upon false pretenses; the indictment alleging that Ross East, in said county and state, "on or about the 24th day of August, A. D., 1928, then and there had an insufficient amount of money or funds on deposit to his credit in and with Columbia Bank, a banking corporation of Columbia, Mississippi, . . .

with which a check drawn by the said defendant (appellant) on said bank for the sum of eighty-one dollars and seventy-five cents may be paid, and he, the said defendant (appellant) with the fraudulent design and intent to cheat, wrong and defraud J. O. Davis and George Davis, the said J. O. Davis being then and there engaged in selling a large quantity of pears for the said George B. Davis, he, the said Ross East, did then and there in said county and state on or about the date aforesaid, wilfully, unlawfully, feloniously and fraudulently issue and deliver unto the said J. O. Davis for value a certain check drawn on said bank (setting out the check) and he, the said defendant (appellant) then and there well knew at the time he so issued and delivered the said check . . . that he did not have a sufficient amount of money or funds on deposit to his credit in and with said bank with which to pay said check on presentation thereof.'' It is further alleged that the check was presented and not paid, for the reason that there were not sufficient funds of the appellant in said bank to pay the check, and that the appellant was given due notice of its nonpayment and the check was not then paid, and that the said appellant, Ross East, did then and there receive of and from J. O. Davis certain pears of the value of eighty-one dollars and seventy-five cents, etc.

The testimony for the state was to the effect that the appellant, Ross East, bought some pears and gave his check, stating, in substance, that the check was all right, and that said check was duly presented and was not paid, and that the check would not have been accepted had they known the appellant did not have the money in the bank with which it could be paid.

The testimony of the appellant was that he gave his check for the pears with the understanding that he would sell the pears and put the money in the bank to pay the check with; that Davis was notified at the time the check

was given that he would have to hold it until said pears had been sold and until the money could be deposited.

There was a conviction, followed by a sentence of three years in the penitentiary, and a motion for a new trial on the ground of newly discovered evidence was overruled. This motion for a new trial set up that this evidence was discovered a few days after the conviction, when one Reese Jones told a brother of the appellant after the conviction he had a conversation with J. O. Davis, in which Davis exhibited to him the check and asked him if he thought it was good, and stated to him that he (said Davis) would have to wait and could not collect the check for a day or two because the funds were not in the bank, and offered to sell Reese Jones the check at a discount.

The testimony of Reese Jones, who was introduced as a witness on the motion for a new trial, was as follows:

"Q. Do you remember an occasion when he sold Ross East a lot of pears for which he received a check from Mr. East in the sum of eighty-one dollars and seventy-five cents? A. Yes, sir.

"Q. On the day that he made that sale to Mr. East, were you in Columbia? A. Yes, sir.

"Q. Did you see Mr. Davis shortly after he made the sale? A. Yes, sir, talking to him. . . .

"Q. What was the conversation you had with him, if anything? A. Well, he was just talking that he had sold his pears and asked did I know Ross East and showed me the check and asked me reckon the check was good and I told him as far as I know it was good.

"Q. What did he say as to whether or not the money was in the bank to cover that check? A. Said he wouldn't get his money until three or four days.

"Q. Did he say why? A. Said because it wasn't there.

"Q. Who did he say told him the money wasn't in there at that time? A. Ross East.

"Q. Do you remember the size of the check? A. The check was something over eighty dollars.

"Q. Did he show you the check? A. Yes sir.

"Q. Do you remember what bank it was drawn on? A. Columbia.

"Q. Did he offer to sell you that check? A. He asked me about cashing the check and giving me a discount on it to where he wouldn't have to come back with the check.

"Q. What did you tell him? A. Told him I didn't have the money.

"Q. Did he say that he had just sold these pears to Mr. East? A. Yes, sir he had just sold the pears.

"Q. And he told you that Mr. East told him when he gave him the check that the money wasn't in the bank? A. Yes, sir, and wouldn't be there for a few days.

"Q. Did he say whether or not he'd have to come back to town and get the money unless he'd let it go at a discount? A. Yes, sir, said he'd have to come back to Columbia."

In contradiction to this testimony, J. O. Davis testified, denying that such conversation ever took place, and denying that the appellant, Ross East, told him the money was not in the bank.

Overruling the motion for a new trial was the only assignment of error.

It will be seen that the statement that the appellant did not have any knowledge of the conversation alleged by Reese Jones to have been had with J. O. Davis, and it would have had an important bearing, if believed by the jury, upon the issues involved in the trial.

The record does not disclose a situation where there is any probability that the appellant knew of this conversation prior to the trial.

It is contended by the state that it is only cumulative and merely contradicts the state's witnesses, and is not affirmative or direct evidence upon the issues involved,

and that therefore the court did not err in overruling the motion for a new trial.

One of the material issues in the case was whether or not J. O. Davis accepted the check believing the appellant had money in the bank to pay it, or whether he accepted it depending upon the appellant to put such money in the bank at a subsequent date. If J. O. Davis parted with his property believing that the money was in the bank to pay for it, then his property was obtained under false pretenses. If, however, he parted with his property knowing that the money was not in the bank and trusting that the appellant would put such money in the bank subsequently, no offense would be made out. The evidence of Reese Jones was not merely contradictory, and was not cumulative, because no other witness had testified upon the proposition save the appellant, Ross East, alone. The appellant was entitled to have at least one witness other than himself to make the rule of cumulative evidence apply. The question is somewhat analogous to a motion for a continuance upon the ground of a material absent witness. In the case of Havens v. State, 75 Miss. 488, 23 So. 181, the court reversed a conviction for the improper overruling of a motion for a continuance on account of the absence of witnesses. In Scott v. State, 80 Miss. 197, 31 So. 710, it was held that a defendant was entitled to a first continuance of a case because of the absence of material witnesses residing near the place of the trial, when duly subpoenaed, but not subject to compulsory process because of illness.

Inasmuch as there was no other witness available to the appellant in the case at bar, and inasmuch as the witness was produced before, and testified before, the court on the facts detailed above, we think a new trial should have been granted. The trial judge may have disbelieved the evidence given by Reese Jones, but we think on questions of guilt or innocence the jury should be allowed to pass.

Convictions of felonies, especially of this kind, carry with them not only infamous punishments, but also serious civil disabilities. We think, therefore, that a new trial should have been granted, and the judgment of conviction will be reversed, and the cause remanded.

Reversed and remanded.