## AVERY SCOTT *v.* STATE OF MISSISSIPPI.

1. CRIMINAL LAW.    *Continuance. Sick witnes. Wife of defendant.*

     A defendant in a murder case is entitled to a first continuance of the case because of the absence of a material witness residing within a short distance of the place of trial, who has been duly subpœnaed, but is not amenable to compulsory process because of her illness, although the witness be defendant's wife.

2. SAME.    *Affidavit of what witness would swear.*

     Error in disallowing a continuance in a criminal case because of the absence of a witness is not cured by permitting defendant to read in evidence an affidavit averring what the witness would swear if present.

3. SAME.    *Improper argument to jury.*

     It is improper for a prosecuting attorney to comment in argument to the jury upon the absence, as a witness, of defendant's wife, who is shown by defendant's uncontradicted affidavit to be too unwell to attend court, in such a way as to intimate that the affidavit is untrue.

FROM the circuit court of Kemper county.

HON. GUION Q. HALL, Judge.

Scott, the appellant, was indicted, tried, and convicted of murder, and sentenced to the penitentiary for life; the charge being that he had killed and murdered an Indian, commonly called "Bill Jones." From this conviction and sentence he appealed to the supreme court.

The facts are sufficiently inferable from the opinion of the court.

*George Ethridge,* for appellant.

The court below erred in overruling the application of the appellant for a continuance because of the absence of his wife,

who was a material witness in his behalf. It must be noted that the continuance applied for was the first one asked in the case. The affidavit showed that the witness was a material witness; that she had been duly subpœned in appellant's behalf, and that she was absent without the consent or connivance of the defendant; that her absence was because of severe illness, which rendered her unable to attend court. The illness was such as to exempt her from amenability to compulsory process. In short, the affidavit was full, complete, and perfect, and entitled the appellant to the continuance. Nevertheless, it was refused; the court below, however, requiring the district attorney to admit the affidavit to be read in evidence, thereby showing what it was claimed the absent witness would have testified had she been present. The point we make is that the appellant was entitled to a continuance, in order to have the witness present, and his right ought to have been respected. The court below did not, nor could it, cure the error by permitting the affidavit to be read. Under the constitution of the state the defendant was entitled to process requiring the personal attendance of his witness, and where the showing is such as to convince the court that compulsory process would be unavailing, the continuance ought to have been granted, especially as it was the first continuance asked, and it was shown that the reasons the witness could not be present were temporary in their nature, and, in all human probability, that the witness could attend court at the next term. *Abens* v. *State,* 75 Miss., 488; *Long* v. *Slate,* 52 Miss., 23. The case ought at least to have been postponed until a later day of the term.

The case ought to be reversed for another reason. The district attorney wrongfully commented in argument to the jury on the absence of the witness, defendant's wife, and he did this in such a way as to indicate that the affidavit showing the cause of her absence was untrue. This affidavit was wholly uncontradicted, and the court below ought to have prevented such unjust and unfair argument as was made in this case.

*W. L. Easterling,* assistant Attorney-General, for appellee.

The application for a continuance, the overruling of which is assigned for error, was based on the absence of the defendant's wife, on account of sickness. By this witness defendant states he expected to prove that defendant and Willis Love (two of the parties who were seen with the deceased under arrest about an hour or two by sun of that day, and the last time he was ever seen alive by anybody except one witness for the defendant) came to defendant's home before sundown of that day, being February 1st, and remained there at home all night. While the court permitted, as the record shows, this affidavit containing the proposed testimony of the wife to be read to the jury, and it was before them as evidence in making up their verdict, and the defendant really had the full benefit of her testimony (without the chance of disfiguring cross-examination), the truth in this case, as appears from the record, is that the jury might believe every word of the statement and yet find the defendant guilty. The proposed testimony, if believed, did not determine in his favor any vital conflict in the evidence. From the record it is very clear, as counsel says, that the theory of the state is, that the Indian was very probably killed that evening, and buried in the ditch that night, where found about a week afterward.

The defendant might have left that ghastly part of his work to his confederates, and been at home with his wife all night, as she says, and yet he surely would have been no less guilty if he participated in the killing of the Indian before he went home that evening.

The facts in the cases cited by appellant's counsel as authorities on this point are so unlike the facts in this case that they are wholly worthless in the solution of this question.

CALHOON, J., delivered the opinion of the court.

A continuance should have been granted because of the absence of the witness, Nelia Scott, the wife of the defendant,

who had been duly subpœnaed, and lived only two miles from the courthouse, and was too sick to attend the trial. Whatever may have been the weight of her testimony with the jury, whether much or little, it was certainly material, and the accused was entitled to it.

The refusal of the continuance was not neutralized by the court's allowing defendant's counsel, over the objection of the state, to read to the jury the affidavit of defendant as to what the wife would testify if present. He had the right to her presence, or a continuance for that term, as compulsory process could not serve to compel her attendance at that term. After one continuance the case would be altered.

The comments of counsel for the state, in the ardor of his concluding argument to the jury, on her absence, were no more within the safe limit than would have been comments on the fact that the accused did not offer himself as a witness. The woman was sick, and could not be there, and counsel's deductions from the fact of her personal absence amounted to an intimation that defendant's affidavit was false, and he was not on trial for perjury.

<div align="right">

*Reversed and remanded.*