## JONATHAN E. WATSON *v.* STATE OF MISSISSIPPI.

1. CRIMINAL LAW. *Murder. Evidence. Threats.*

Where in a murder case the evidence conflicts as to whether the accused or the deceased was the aggressor, threats by the deceased against the accused, communicated or uncommunicated, are admissible in evidence. •

2. SAME. *Continuance. Absent witness. Compulsory process.*

In such case, no previous continuance having been granted, if the only witness, not related to the defendant, by whom he can prove the threats be absent without his consent, being within the jurisdiction of the court and duly subpœnæd, the case on defendant's application should be continued, and compulsory process issued for the witness.

FROM the circuit court of Calhoun county.

HON. WILLIAM F. STEVENS, Judge.

Watson, appellant, was indicted for the murder of one Andrew Ashley; was tried and convicted of manslaughter and sentenced to the penitentiary for a term of five years, from which conviction and sentence he appealed to the supreme court. At the March term, 1902, on the first day of the term, the case was called and the state announced itself ready for trial. Appellant's witnesses were called, and it was discovered that one of his mate-

rial witnesses, named Stewart, was not present. The clerk produced a certificate from a practicing physician to the effect that the absent witness was sick with smallpox. He had been duly subpoenaed. Appellant asked for compulsory process to compel the attendance of said witness, which the court refused, remarking that, even if process could be served, the witness would not be permitted to come into the courtroom with smallpox. Appellant then made a motion for a continuance because of the absence of said witness, and filed his affidavit, in which he set forth that he expected to prove by said witness that, on the morning of the difficulty between defendant and Ashley (deceased), the witness met Ashley and one Ivey, and they asked witness if he had seen defendant, and witness replied that he had, and Ashley then remarked, "The damned scoundrel thinks he will get away from us, but I will show him;" that said witness is the only witness not related to affiant by whom he can prove any threats made by deceased. The district attorney then agreed to admit that the absent witness would testify to the matters set forth in the affidavit if he were present, and the court overruled the motion for a continuance. On the trial defendant's wife and mother testified as to threats made by deceased against defendant. The view of the case taken by the court makes it unnecessary to set out any further facts in the case.

*Mitchell & Fletcher*, for appellant.

The witnesses, both for the state and the defendant, by their direct and cross-examination, show that they are not of the best class of citizenship, and each was related in some way or other either to appellant or the deceased, Ashley. Therefore it became all-important that some reputable, disinterested witness, one who was not related to either of the parties to the difficulty, should have thrown light on the question as to who was the aggressor in the difficulty.

The whole question in the case was this: who was the ag-

gressor in this difficulty? If appellant could have shown by the testimony of disinterested witness that deceased had, about an hour before the difficulty, threatened the life of appellant, such testimony would have been invaluable in arriving at the solution of the main question. The whole object of introducing threats is for the purpose of determining that one vital question, and this court has held, time after time, that they are admissible for this purpose, whether communicated or uncommunicated. *Scott* v. *State*, 80 Miss., 197; s. c., 31 So. Rep., 710; *Long* v. *State*, 52 Miss., 23.

*William Williams*, assistant attorney-general, for appellee.

Taking into consideration the fact that Stewart's testimony, as set out in the affidavit, went to the jury, and the testimony of Bud Walls, that of Mrs. Watson and M. M. Watson, and that of the appellant himself relative to threats made by deceased, appellant was in no wise hurt by the absence of witness Stewart.

Unless it be shown that the discretion of the trial court has been abused, a judgment will not be reversed because the court refused a continuance. *Solomon* v. *State*, 71 Miss., 567.

On a motion for a new trial or on appeal, the court will look to the whole case in deciding whether or not the party was prejudiced by the refusal to grant a continuance. *Hemingway* v. *State*, 68 Miss., 371; *Parker* v. *State*, 55 Miss., 414.

"And this, although the application viewed alone presents a good ground for continuance." *Jones* v. *State*, 60 Miss., 117.

CALHOON, J., delivered the opinion of the court.

On a conflict of evidence as to who was the aggressor, recent threats by deceased, communicated or uncommunicated, are admissible to show the character of the homicide. B. & A.'s Digest, p. 321, clause 233. Such conflict appears sharply in this record. The testimony of Stewart, the only witness to the threats who was not related to the accused, was quite im-

portant to him, and he had the right to his personal presence before the jury, and to compulsory process for him to the next term of the court ; it not being available to the trial term, and but one continuance being involved.　*Scott* v. *State* 80 Miss., 197; s.c. 31 So. Rep., 710 ; *Long* v. *State*, 52 Miss., 23.　The threats were of the very day of the killing, and by deceased while in search of the accused.

*Reversed and remanded.*