FRANK CALDWELL *v.* STATE OF MISSISSIPPI.

85   383!
87   303.

CRIMINAL LAW. *Continuance.   Absent witness.   Admission of what wit-
ness will testify.*

  Where a witness, on account of whose absence a continuance in a
    criminal case was asked, was shown by the record to have been
    duly subpœnaed, and to live a short distance from the court-
    house, and to be too sick to attend the trial, and these facts were
    not contested by the state, and the testimony of the witness was
    material, the trial should have been postponed until the attend-
    ance of the witness could have been procured, although the
    prosecuting attorney admitted that the witness, if present, would
    testify as stated in the application.

FROM the circuit court of Montgomery county.

HON. J. T. DUNN, Judge.

Appellant, Caldwell, was indicted for the unlawful sale of
intoxicants.   The case was twice continued.   At the October,

1904, term of the court the case was called for trial, when defendant made a motion for a third continuance, and in support of it made the following affidavit: "Comes defendant, Frank Caldwell, who says he cannot safely go to trial at this term of the court on account of the absence of Susan Caldwell, a material witness for defendant, who is not absent by his procurement, and who lives within the jurisdiction of the court, and he expects to have her present at the next term of court, and he expects to prove by her that at the time and place the state witnesses will testify that they bought whisky from defendant she was present, and that no such sale was made, and that defendant did not sell witneses any whisky, and that defendant cannot prove this by any other witness, and that said Susan is now sick and unable to attend court." The district attorney admitted that this witness, if present, would testify as stated in the application, and the motion for a continuance was overruled. The only testimony for the state was that of one Drane, who testified that he bought a pint of whisky from defendant on the 7th of April, 1903, at his place of business in Montgomery county, Miss., and paid him fifty cents for it. Defendant testified in his own behalf that he did not sell Drane any whisky on that date or on any other day, and one witness testified that Drane had stated in his presence that he (Drane) had never bought any whisky from defendant. Defendant was convicted, and sentenced to jail and to pay a fine of $500, and appealed to the supreme court.

*Hill & Knox,* for appellant.

The continuance should certainly have been granted. The witness was material, and, in the light of the state's evidence, very material, as it was testified that the sale was made at defendant's house, where his wife and absent witness was. Mrs. Caldwell was sick, and lived only about one mile from the courthouse. The action of the court in overruling the application

violates the decisions of *Watson* v. *State,* 81 Miss., 700, and *Scott* v. *State,* 80 Miss., 197.

*William Williams,* attorney-general, for appellee. ·

Appellant's case was continued at the October term, 1903. The reason for said continuance is not shown by the record. His case was again continued at the April term, 1904, presumably by consent. At the October term, 1904, appellant filed an application for a continuance, supported by his affidavit, in which he said his wife, Susan, was sick and could not attend court. This affidavit was not supported by that of any one else nor by a certificate of a physician, nor does it show that appellant's wife had been subpœnaed as a witness in his behalf. The district attorney agreed to admit the affidavit in evidence, and the court overruled the application for a continuance.

The appellant alleged in his affidavit that he expected to prove by his wife that at the time and place the state witnesses would testify that they bought whisky from him, his wife was present and no such sale was made. The appellant testified that the witness against him was not at his place on the day the sale is alleged to have been made, and says further that his wife was in and about the house "attending to things," as she generally did, and that the place where he kept groceries was ten or twelve steps from the house; so it can readily be seen that the state witness could have made the purchase without the wife of appellant knowing anything about it. And as the record does not show the wife of appellant to have been subpœnaed, and as appellant's affidavit was admitted to be read to the jury, we submit that the court properly denied the application for a continuance.

Unless it is shown that the discretion of the trial court has been abused, a judgment will not be reversed because the court refused a continuance. *Solomon* v. *State,* 71 Miss., 571.

The instant case does not fall within the rule announced in *Scott's* case, 80 Miss., 197, in that the wife of the defendant had

been duly subpœnaed in that case. It is submitted that counsel for appellant's position is not sustained by the rule announced in *Watson's* case, 81 Miss., 700, for the reason that the facts of the two cases are entirely different.

TRULY, J., delivered the opinion of the court.

In view of the facts that the statements contained in appellant's affidavit for a continuance were not denied or in any wise discredited, the application should have been granted. The record shows that the witness desired had been duly subpœnaed, was in less than one mile of the courthouse, and was too sick to attend the trial. The state should have either contested the truth of these statements, or the trial should have been postponed until the attendance of the witness could have been procured. The record of a completed trial shows that the testimony of the absent witness would have been most material to the appellant, and we cannot say with confidence that the result might not have been different if that testimony had been detailed by the witness to the jury. Under the facts of this case the error in refusing a continuance was not cured by the district attorney admitting that the witness, if present, would testify to the contents of the application. Defendant was entitled to have his witness present in person. *Scott* v. *State,* 80 Miss., 199 (31 South. Rep., 710) ; *Watson* v. *State,* 81 Miss., 700 (33 South. Rep., 491).

*Reversed and remanded.*