CHRISTIAN VOLLM v. STATE OF MISSISSIPPI.

[51 South. 275.]

CRIMINAL LAW AND PROCEDURE. *Forgery. Continuance. Absent witness.*

Where in a prosecution for forgery the only witness to the writing, charged to have been forged by altering, was within the jurisdiction of the court, had been served with process but was ill and unable to attend court, the defendant's application for a continuance, showing that he expected to prove by her that the instrument was in its present condition when signed and that he could prove the fact only by her, should not have been overruled; the case should have been continued or set for a later day, awaiting her attendance.

FROM the circuit court of Franklin county.

HON. MOYSE H. WILKINSON, Judge.

Vollm, appellant, was indicted, tried, and convicted of forgery, and appealed to the supreme court. The facts of the case upon which he applied for a continuance of the cause, and the case was decided alone upon them, are fully stated in the opinion of the court.

*Clem V. Ratcliff,* for appellant.

The trial was "railroaded through;" appellant's application for a continuance should have been granted. *Anderson v. State* (Miss.), 50 South. 554; *Woodward v. State* (Miss.), 42 South. 167; *Montgomery v. State,* 85 Miss. 330; *Watson v. State,* 81 Miss. 700; *Caldwell v. State,* 85 Miss. 383; *Scott v. State,* 80 Miss. 53.

*George Butler,* assistant attorney-general, for appellee.

It will be noted that the application for a continuance is predicated of the idea that appellant could prove by this witness that Prather signed the receipt himself. Now appellant

was not charged with signing the name of Prather to the instrument, but was charged with altering it after it had been signed by Prather. It is true that appellant alleged in the affidavit that he could prove by this witness that he did not insert the matter in the receipt after it had been signed, and that the same was in the receipt when Prather signed it. But the whole application, as stated, is not predicated of these fraudulent words appellant put into the instrument, but upon the false and fraudulent signing of Prather's name to a false and fraudulent instrument. However this may be, when we look back over a completed trial we note that Mrs. Hall did not sign the paper, as a witness at the time of its execution. The record further shows that the receipt was written by appellant in the presence of Prather on a little desk in the corner of the room, and it appears that no one read it over but Prather himself. It is true, the affidavit avers that Mrs. Hall was present when the paper was signed, and could have seen the receipt, but looking back over the completed record there has not been such a manifest abuse of discretion as will warrant a reversal of the conviction.

WHITFIELD, C. J., delivered the opinion of the court.

We think the court below erred in not granting the continuance, or, at least, in not setting the case for a later day in the term. The application for continuance was based on the ground that Mrs. A. E. Hall, who was a witness to the execution of the receipt in question, and who was within the jurisdiction of the court, and had been served with process, and who was then in the county, but sick, would testify "that the clause alleged to have been unlawfully inserted in the receipt was in said receipt when said J. C. Prather signed it," and "that defendant did not insert into said receipt or instrument the words and matter set out in said indictment as having been inserted by defendant after Prather signed the receipt." The affidavit for

continuance further showed that there was no other witness by
whom these facts could be proven. It is manifest that the testimony of Mrs. Hall was of the most vital character, and the
court should certainly have either set the case for a later day
in the term, or, if she could not during the term have recovered
from her illness, have continued the case to the next term.

*Reversed and remanded.*

