WALKER *v.* STATE.

|92 South. 580. No. 22535.]

CRIMINAL LAW. *Denial of continuance for absence because of illness of only witness for defendant held error.*

Where the defendant in a criminal case made application for a continuance because of the illness and inability of his wife to attend and testify in his behalf, she being the only witness to the facts favorable to the defendant, and the state refusing to admit the truth of her evidence as set out in the application for a continuance, it was error to overrule the motion for a continuance, although the state admitted she would so testify if present as set out in the affidavit. *Scott* v. *State*, 80 Miss. 197, 31 So. 710, cited.

APPEAL from circuit court of Tishomingo county.
HON. C. P. LONG, Judge.

Leck Walker was convicted of having intoxicating liquor in his possession, and he appeals. Reversed and remanded.

*W. J. Lamb* and *T. A. Clark,* for appellant.

The record shows that the only witness that could testify anything in behalf of the appellant was his wife. His affidavit in support of his motion for a continuance sets out what he expects to prove by her, which is bound to be admitted by anyone was very material for his defense; that she was properly subpœnaed, lived within the jurisdiction of the court, and that she was at home sick in bed with pneumonia, as is shown by the certificate of a reputable physician. This fact was not disputed nor rebutted by anything on the part of the state.

In the case of *Caldwell* v. *State,* 37 So. 816, this court said: "In view of the fact that the statements contained in appellant's affidavit for a continuance were not denied or in any wise discredited, the application should have been granted. The record shows that the witness desired had been duly subpœnaed, was in less than one mile of the courthouse, and was too sick to attend the trial. The state should have either contested the truth of these statements, or the trial postponed until the attendance of the witnesses could have been procured. The record of a completed trial shows that the testimony of the absent witness would have been most material to the appellant and we cannot say with confidence that the result might not have been different if that testimony had been detailed by the witness to the jury. Under the facts of this case the error in refusing a continuance was not cured by the district attorney admitting that the witness, if present, would testify to the contents of the application. Defendant was entitled to have his witness present in person. *Scott* v. *State,* 80 Miss. 199, 31 So. 710; *Watson* v. *State,* 81 Miss. 700, 33 So. 491; *Corbin* v. *State,* 99 Miss. 486.

We could cite innumerable decisions by this court sustaining this same contention, but those cited above are directly in point, and it certainly seems to us that every sense of justice and right demanded that this case should

have been continued until this appellant could have had his witness present in court to testify before the court and the jury, and especially in this case when she was the only corroborating witness that he could have as to the crime with which he was charged.

*Wm. Hemingway,* assistant-general, for the state.

The motion for continuance was presented in due form and at the proper time. The state admitted that the wife would testify to the facts as set out in the motion for a continuance.. Under the rules of evidence defendant was entitled to have the witness present if it was necessary to the conduct of his case, but the granting of a continuance is in the discretion of the court. The state's witnesses testified that she was not present when the drink was secured and the quart bottle exhibited, and denied being drunk and firing the pistol. So that, after all, the facts to which she could have testified were before the court and the jury. Her testimony could not have contradicted that of the state's witnesses because they were out of her sight at the time the offense was committed. It is submitted that defendant was not prejudiced by the refusal to grant the continuance. It is respectfully submitted that there was no reversible error.

ETHRIDGE, J., delivered the opinion of the court.

Leck Walker was indicted for having intoxicating liquors in his possession unlawfully and tried, convicted, fined, and sentenced to jail for said offense, and appeals. Walker made application for a continuance showing that his wife was a material witness in his defense and was the only witness the defendant had other than himself; that she was confined to her bed with pneumonia and was unable to attend court, and that she would testify, if present, that the defendant never had any liquor in his possession at the time, and that the state's witness Reed

pulled the whisky from his bosom, and that she ordered him out of her house; that she had been duly and legally summoned, etc., and was not absent by his fault. The state introduced two witnesses, one Ed. Reed, who testified that in August, 1921, he went to the appellant's house to get a drink of whisky, and that the appellant had whisky on the back porch of his house; at the time he saw the whisky on the back porch that appellant's wife was on the front porch; that he did not tell Walker what he wanted in the presence of his wife; that Walker got the whisky from a jug in the back yard. On cross-examination Reed was asked if he was not drunk and if he did not shoot in Walker's house, if Mrs. Walker did not order him out of the house, and if Walker did not take his pistol away from him and take the magazine from the pistol, but Reed denied this. In these statements of Reed he was contradicted by the appellant and the state's witness Ramsey, who testified that Reed was drunk and did shoot in Walker's house, and that Mrs. Walker did order him out of the house, and that Walker disarmed Reed and took the magazine from his pistol. Ramsey testified that on the return trip from Walker's home he found a fruit jar with whisky in it in his car between the front and rear seats, and that he threw the whisky out; that he did not see the whisky in the car going to Walker's house. He further testified that Reed was drinking going out or had been under the influence of liquor. He testified that he saw the jug on appellant's back porch, but did not know what was in it, and that he did not see any whisky at appellant's house. Appellant testified that he had no whisky, and that Reed came to his house and pulled a bottle of whisky from his shirt bosom and offered appellant a drink, which he refused to take.

The statement of the affidavit for a continuance was admitted in evidence by the district attorney, but he declined to admit the truth of the matters therein stated.

We think it was error to refuse a continuance on account of the illness of appellant's wife. This case comes

within the rule announced in *Scott* v. *State*, 80 Miss. 197, 31 So. 710; *Watson* v. *State*, 81 Miss. 700, 33 So. 491; and *Caldwell* v. *State*, 85 Miss. 383, 37 So. 816.

The judgment will be reversed, and the cause remanded.

*Reversed and remanded.*