## MARTIN *v.* STATE.

(Division A.   May 30, 1932.)

[142 So. 15.   No. 30071.]

**C. D. Shields**, of Meridian, for appellant.

**W. D. Conn**, Assistant Attorney-General, for the state.

**Smith, C. J.**, delivered the opinion of the court.

The appellant was convicted of shooting Glenwood Martin with intent to kill and murder him. There is no merit in any of the assignments of error, only one of which will be here specifically noted.

The court below charged the jury for the state as follows: "The court charges the jury for the state that murder is the killing of human being without authority of law and with the deliberate design of effecting the death of the person killed, and in this case, if you believe from the evidence beyond a reasonable doubt that the defendant, Elmer Martin, shot and wounded Glenwood Martin with a deadly weapon without authority of law and with the deliberate design to effect his death it will be your duty to find the defendant guilty as charged. And you are further charged that the words 'deliberate intent' or 'deliberate design' as used in this instruction and 'malice aforethought' mean one and the same thing, and in this case, if you believe from the evidence beyond a reasonable doubt that the defendant assaulted and shot Glenwood Martin with a deadly weapon with the deliberate intention of taking his life and that this was done without authority of law, if same was done, it is your duty to convict the defendant and this is true no matter how short a time such design may have existed in the defendant's mind, if same did exist.''

The appellant's objections to this instruction are: (1) That it should not have defined the crime of murder, the appellant not being on trial therefor, and (2) that it omits the word "felonious" in charging the intent with which the overt act must have been committed in order to constitute the crime charged.

The offense with which the appellant is charged is that defined by section 787, Code 1930, and is that he committed "an assault and battery upon another with a deadly weapon with intent to kill and murder such other person." In order for the jury to determine whether the appellant intended to commit murder, they must know what the constituent elements of murder are—in other words, in order to convict the appellant, it was necessary for the jury to find that he committed the overt act charged "without authority of law . . . with deliberate design to effect the death of Glenwood Martin." Section 985, Code 1930. The court below, therefore, committed no error in including in the instruction a definition of the crime of murder.

"Felonious" is a technical word of the law, and means "done with the intent to commit a crime; of the grade or quality of a felony; such an assault upon the person as, if consummated, would subject the party making it, upon conviction, to the punishment of a felony." Black's Law Dictionary. The intent with which the appellant committed the overt act must therefore have been felonious in order to constitute the crime with which he is charged. Does the instruction so charge? Its language is: "If you believe from the evidence beyond a reasonable doubt that the defendant, Elmer Martin, shot and wounded Glenwood Martin with a deadly weapon, without authority of law and with the deliberate design to effect his death, it will be your duty to find the defendant guilty as charged."

The constituent elements of the felony with which the appellant was charged are set forth in sections 787 and

985, Code 1930, and are an assault and battery upon another, with a deadly weapon, without authority of law, with deliberate design to effect the death of such other person. If the jury believe from the evidence that appellant shot and wounded Glenwood Martin with a deadly weapon, without authority of law, and with deliberate design to effect his death, it was their duty to convict him of the crime charged; and for the court to tell them that the crime constituted a felony would not have aided them in the least in arriving at their verdict. The word "felonious" does not appear in either of these statutes, but the constituent elements of the crime constituting the felony there defined are plainly and unambiguously set forth therein; and it would seem that an instruction in the language of such a statute would be sufficient for an instruction defining the crime with which a defendant is charged is always sufficient if it sets forth all of the elements of the crime.

Cases holding that the word "felonious" should be used in indictments for felonies are not in point here, for the function of an indictment is different from that of instructions to juries. "The function of the indictment is to convey to the court information as to certain facts, those constituting the crime. The function of the judge's charge is to explain to the jury the nature of the crime with which the accused is charged." State v. Robinson, 143 La. 543, 78 So. 933, 935. In an indictment the law's technical language may be, and for brevity, and sometimes in obedience to custom, should be, used, but in instructions to juries it is best to "avoid as far as possible the use of technical terms, especially of technical legal terms," 2 Thompson on Trials (2 Ed.), section 2327; "especially where the questions to be submitted are well susceptible of presentation in plain, practical terms, easy of comprehension and application." 38 Cyc. 1595.

The only case cited by the appellant in this connection is Herring v. State, 134 Miss. 505, 99 So. 270. The appellant there was charged with the commission of the same crime as is the appellant here. The instruction there had to be defective was as follows: "You are further instructed for the state that if you believe from the evidence in this case beyond a reasonable doubt that defendant and the prosecuting witness, Prent Odom, had a difficulty in which Prent Odom cut and stabbed defendant, and shortly afterwards they met and shook hands to make friends, and immediately afterwards had another difficulty in which defendant cut and wounded the prosecuting witness, Prent Odom, then you must find defendant guilty as charged, unless you further believe beyond a reasonable doubt from the evidence that defendant was not acting in his necessary self-defense." The defects in the instruction there pointed out were that 'it fails to embrace the hypothesis that the appellant intended to kill Odom. It also omits the qualification that the wound was inflicted with a deadly weapon." The court in reversing the case very properly stated that "the gist of the offense here charged is the felonious intent to kill," but it did not say that that intent could be charged only by the use of the words "felonious."

In Dedeaux v. State, 125 Miss. 326, 87 So. 664, 665, and Poe v. State, 159 Miss. 76, 132 So. 92, the appellants were charged with grand larceny under section 1009, Code 1930, which provides: "Every person who shall be convicted of taking and carrying away, feloniously, the personal property of another, of the value of twenty-five dollars or more, shall be guilty of grand larceny, and shall be imprisoned in the penitentiary for a term not exceeding five years." Dedeaux was convicted on an instruction which charged the jury "that, if they believe from the evidence beyond a reasonable doubt that the defendant . . . drove off the range, penned, and killed five

sheep belonging to L. W. Ladnier and described in the indictment, with the intent to deprive the owner thereof, and that said sheep were worth twenty-five dollars or more, you should find the defendant guilty as charged in the indictment." Poe was convicted on an instruction "which authorized the jury to return a verdict of guilty of larceny if it believed from the evidence, beyond a reasonable doubt, that the defendant 'did take, steal and carry away the personal property,'" etc. The objections to these instructions were that they failed to charge the jury that the appellants' intent must have been felonious. The objections were sustained, and the judgments of the courts below were reversed. The instructions there neither charged the jury that the appellants' intent must have been felonious nor informed the jury what the elements of such an intent are; and, moreover, the statute defines the crime of larceny by the use of the word "feloniously," without setting forth, as the statutes here under consideration do, the elements of which a felonious intent consists.

In Warden v. State, 60 Miss. 638, the defendant was convicted of grand larceny under an instruction "that the motive which prompted the taking was immaterial, and that a furtive and fraudulent taking without pretence or claim of right, with intent wholly and permanently to deprive the owner of his property, though without intent or desire for gain on the part of the taker, was larceny." The instruction was held to correctly state the law, the court citing in support thereof Hamilton v. State, 35 Miss. 214, and Watkins v. State, 60 Miss. 323.

The following assault and battery with intent to kill and murder cases support our ruling here: Richardson v. State (Miss.), 28 So. 817; McCaa v. State (Miss.), 38 So. 228; Gentry v. State, 92 Miss. 141, 45 So. 721; and Smith v. State (Miss.), 91 So. 41.

In Richardson's Case, an instruction for the state was approved which "simply told the jury to convict if they believed 'from the evidence, beyond a reasonable doubt, that the defendant deliberately shot Howard Gross with a shotgun, intending to kill him.'"

In McCaa's Case, the court instructed the jury to convict if they believed "that defendant willfully and deliberately shot Flowers, intending to kill him, at a time when he (the defendant) was not in real or apparent danger of losing his own life or of suffering great bodily harm at the hands of Flowers." The instruction in this case was held erroneous, for the reason that it should have charged the appellant's intent to have been "to murder, not simply to kill." The inference from the opinion is that the instruction would have been correct had it used the words "intent to kill and murder him" instead of the words "intent to kill him."

In Gentry's Case, the court instructed the jury "that if from the evidence they believe beyond a reasonable doubt that the defendant shot at Dale at the time and place mentioned in the indictment, in such a manner as would evince a depraved heart, regardless of human life, then the jury should return a verdict: 'We, the jury, find the defendant guilty of an assault with intent to kill and murder'—even though there may not have been a premeditated design to kill and murder the said Dale, or any particular individual." The court held that this charge would have been correct had it ended with the words "with intent to kill and murder."

Smith was convicted of assault and battery with intent to kill and murder. Coley was shot by Smith's wife at his (Smith's) request, while Smith was engaged in a difficulty with Coley and Mullins. The court, in passing on the sufficiency of the evidence, said: "If the jury, however, believed that the appellant was the aggressor, that he attempted to get the gun from his wife but was

prevented by the state's witnesses, and that he then willfully, deliberately, and with malice aforethought -called upon her to shoot with intent to kill and murder either of the two white men, at a time when he was in no real or apparent danger of life or great bodily harm at the hands of either of these men, then the jury were warranted in finding him guilty as charged.'' The court below had charged the jury for the state that, ''if you believe from the evidence in this case beyond a reasonable doubt that Hiram Smith, the defendant, while engaged in a fight with Tom Mullins, called upon his wife to shoot, and if you further believe beyond a reasonable doubt that his wife did shoot and wound J. W. Coley at a time when there was no real or apparent danger of her or the defendant losing their lives or suffering great bodily harm at the hands of Mullins or Coley, then the defendant is guilty as charged, and the jury should so find.'' The instruction was held erroneous, not for the reason that it did not use the word ''felonious'' in describing the intent with which appellant called upon his wife to shoot, but for the reason that it omitted ''to state that the appellant must have had the intent for his wife to kill and called upon her to shoot with malice aforethought with this intent.''

Affirmed.