Ogden *v.* State.

(Division B.  Nov. 11, 1935.)

[164 So. 6.  No. 31759.]

120

J. T. Lowrey and F. A. Anderson, Jr., both of Gloster, for appellant.

**W. D. Conn, Jr.,** Assistant Attorney-General, for the state.

Argued orally by **J. T. Lowrey**, for appellant, and by **W. D. Conn, Jr.**, for the state.

**Ethridge, P. J.**, delivered the opinion of the court.

R. J. Ogden was indicted, tried, and convicted in the circuit court of Amite county for bigamy. The indictment was returned February 19, 1935, the appellant arrested on February 26th, and the cause was set for the second Wednesday of the term.

The appellant filed a motion for a continuance setting up therein that he had been sick, under the treatment of a physician who had prescribed for him, on account of which he had not been able to confer with his attorneys. It was further set up therein that it was necessary to have in court Willie Mae Triggs, the alleged second wife, and also Amanda Elizabeth Ogden, his alleged first wife; that he expected to prove by Willie Mae Triggs that the marriage alleged to have taken place between them was, in fact, never consummated so as to be a legal marriage which would support the charge of bigamy; and that he expected to prove by Amanda Elizabeth Ogden that appellant had advised her that he had procured a divorce from her, and that she was fully advised in the premises and had been for some time, in fact since a decree was rendered by a court of competent jurisdiction annulling and setting aside the bonds of matrimony existing between herself and said R. J. Ogden, prior to the alleged marriage to Willie Mae Triggs.

Both of these witnesses lived in Wilkinson county, Mississippi, within the jurisdiction of this court.

The motion further set up that the appellant would prove by Carooll Ogden and Audrey Rogers, residents of Wilkinson county, that the appellant did not live with his alleged first wife, and was separated from her and lived in East Feliciana Parish, Louisiana, and after he acquired his residence in Louisiana, he filed his suit for a divorce at Clinton, Louisiana, which suit was in due form,

and that the proper procedure under the law of the state of Louisiana had been complied with, and that he had been granted a divorce by the Twentieth judicial district court at Clinton, Louisiana. That the appellant has been informed that the decree in the said cause was set aside after being granted, but that he would show that "such information was received since the indictment was returned in this cause and he did not know and had no notice of such facts. The defendant relied upon the decree dissolving his first marriage with the said Amanda E. Ogden, and still relies thereon, and in good faith believed said decree to be valid and legal when he contracted the second alleged marriage." This motion was sworn to by R. J. Ogden, and was overruled, the court giving the following reasons therefor:

"That this party was indicted on February 19th, and arrested on February 26th, and arraigned on February 26th, and his case set for trial on Thursday, February 28th. That on Thursday, the 28th, it was continued on account of the illness of his attorney until Thursday, March 5, 1935, and the case given a special order for March 5th. That on March 5th, the defendant did not show up, his attorneys having been in court on the 4th and the 5th. That in the afternoon of March 5th an alias bench warrant was issued and the defendant arrested and brought into court. That there has been no doctor's certificate offered, and there have been no subpoenas issued for witnesses for the defense up to the time of filing the motion for a continuance. That the diligence required on the part of the defendant and his attorneys has not been observed, and for this reason, the motion is overruled."

The cause proceeded to trial, and both of the marriages alleged in the indictment were proven to have been solemnized according to the laws of this state. A number of witnesses were introduced who testified that the appellant had lived in Mississippi since the consumma-

tion of his first marriage, and that he lived with his first wife and reared a family by her. No process appears to have been issued after the overruling of the motion for a new trial for either of said wives, and no effort is shown, by the record, to have been made to obtain certified copies of the alleged divorce proceedings in Louisiana. The appellant, himself, did not testify on the trial or on the motion for a new trial. He filed the motion for a new trial, but did not have either of the absent witnesses, or the proceedings for the alleged divorce in Louisiana, before the court, nor was any reason shown, on said motion, why they could not be produced.

It is argued here that both the attorney for the appellant, and the appellant himself, were too sick to attend to said matters, but no testimony or affidavit was produced as to the attorney other than the statement of the trial judge above quoted. The physician who attended the appellant during his alleged illness was not produced to testify.

Motions for continuances are addressed to the discretion of the trial judge, and when a motion for a new trial on account of absent witnesses is made, the defendant should continue in his efforts to secure the testimony of such witnesses during the trial by having process issued and the witnesses attached, and if unable to do so during the trial, they should be produced on the motion for a new trial, if possible, and, if not, an affidavit should be secured setting forth what they would testify to had they been produced in court. Lamar v. State, 63 Miss. 265; Ware v. State, 133 Miss. 837, 98 So. 229; Coward v. State, 158 Miss. 705, 131 So. 254; and McKnight v. State, 171 Miss. 152, 157 So. 351.

As stated above, the defendant did not testify personally as to his residence in Louisiana, and all matters as to the securing of his divorce were matters within his knowledge, and while he was not compelled to take the stand on the trial of the case, the fact that he did not do so

does not raise any presumption that he would have contradicted the testimony for the state. In trying the defendant, the jury is not authorized to draw any prejudice from his failure to testify, but his refusal to testify does not operate to dispute the state's testimony.

When this court has to review an appeal from the court below, it must give effect to all reasonable presumptions in favor of the ruling of the court below. The privilege of the defendant to testify is a privilege which he may exercise or not, but if he chooses not to exercise that privilege, he cannot complain where the evidence is sufficient to convict him. The rule requiring the production of documents and witnesses is for the securing of justice, and the party relying upon testimony which is not before the court on the trial must show that he has exercised due diligence in his efforts to secure it, and if he cannot do so, he must offer a reasonable excuse for his failure to do so, together with affidavits and documents to show what such testimony would have been had the witnesses been before the court.

We find no reversible error in the record, and the judgment of the court below must be affirmed.

Affirmed.