## WHITTINGTON *v.* STATE.

Nov. 10, 1952

No. 38502          7 Adv. S. 24          60 So. 2d 813

*C. F. Cowart* and *R. L. Netterville,* for appellant.

*Geo. H. Ethridge,* Assistant Attorney General, for appellee.

ARRINGTON, J.

Appellant, Truly Whittington, was convicted for the crime of knowingly receiving stolen property and sentenced to the penitentiary for a term of five years, from which judgment he appeals.

The first assignment of error argued is that the court erred in overruling the motion for a continuance. Appellant's application for a continuance was based on the fact that his wife, Mrs. Loy Smith Whittington, was a material witness in his behalf; that she wàs unable to attend court on account of illness and was confined in the hospital and was physically unable to appear and testify. This fact was fully established by the certificates of the physicians attending her. We find that the appellant's application for a continuance fully complied with all of

the requirements of Section 1520, Mississippi Code of 1942, and fully complied with the procedure governing continuances as set out in Lamar v. State, 63 Miss. 265, which rules of procedure have been consistently followed by this court. Clanton v. State, 51 So. 2d 577 (Miss.); Bone v. State, 207 Miss. 20, 41 So. 2d 347. Her ex parte affidavit filed on the motion for a new trial set out her testimony, which shows that she was a material witness and the only witness for the appellant who could contradict and refute the testimony of the main witness for the state, O. B. Wall. That the application for continuance was regular and in statutory form and fully complied with our rules of procedure is not questioned by the state, the only contention being that had the absent witness been present and testified, the result would probably have been the same. In the case of Scott v. State, 80 Miss. 197, 31 So. 710, the Court said: "A continuance should have been granted because of the absence of the witness, Nelia Scott, the wife of the defendant, who had been duly subpoenaed, and lived only two miles from the courthouse, and was too sick to attend the trial. Whatever may have been the weight of her testimony with the jury, whether much or little, it was certainly material, and the accused was entitled to it." Volln v. State, 96 Miss. 651, 51 So. 275; Walker v. State, 129 Miss. 449, 92 So. 580.

While the trial judge has a broad discretion in granting and refusing continuances, we are of the opinion that appellant's wife was a material witness and he was entitled to her presence as a witness. We are unable to say that an injustice did not result from a denial of this continuance, and, therefore, the learned trial judge erred in overruling the motion.

Upon the evidence in this record, the court committed no error in overruling the motion to quash the indictment.

In view of our conclusion, we deem it unnecessary to discuss the other assignments argued.

Reversed and remanded.

*McGehee, C. J.*, and *Lee, Kyle,* and *Ethridge, JJ.*, concur.