BYNUM *v.* STATE

No. 42066 February 5, 1962 137 So. 2d 514

*Murray L. Williams,* Water Valley, for appellant.

*G. Garland Lyell, Jr.*, Asst. Atty. Gen., Jackson, for appellee.

McGEHEE, C. J.

The appellant, Manuel J. Bynum, and Thomas Upton Hitt, Jr., were jointly indicted for the burglary and larceny of the storehouse of Edd Alexander in Calhoun County, Mississippi, and for taking, stealing and carrying away three new Poulan Pop Saws (the indictment particularly describing them), the property of Edd Alexander, found, kept for use and sale in the said storehouse, of the value of $715. The said Thomas Upton Hitt, Jr. entered a plea of guilty to the charge and received a sentence of one year in the state penitentiary. The appellant Manuel J. Bynum obtained a continuance of his case and was tried and convicted at a succeeding term of court and sentenced to serve a term of four years in the state penitentiary.

The appellant Manuel J. Bynum sought a further continuance of his case because of the absence of his wife for whom process had been issued, but on whom the process has not been served, and he contends that it was error for the trial court to overrule his motion for a continuance based upon the absence of his wife, who is alleged to have been a material witness, and he further contends that he was entitled to have the presence of, companionship, society, aid, advice and counsel of his wife during the trial and her assistance in the selection of the jury since she knew most of the jurors; and that since the subpoena had not been served on her due to her absence from their home, he was unable to obtain compulsory process on her for her attendance. The appellant cites in support of this assignment of error Section 2522, Miss. Code 1942, Rec., which provides, among other things, that "* * * if compulsory process will probably obtain the attendance of the absent witness, and the defendant have not had opportunity of obtaining such process, the cause shall be continued, unless the defendant desire a trial." The appellant also cites in

support of this assignment of error the cases of Caldwell v. State, 85 Miss. 383, 37 So. 816; Scott v. State, 90 Miss. 197, 31 So. 710; Watson v. State, 81 Miss. 700, 33 So. 191; Walker v. State, 129 Miss. 449, 92 So. 580. But these cases are distinguishable from the case at bar in that in all of the cited cases the witness was under subpoena, or otherwise available, to testify under process issued by the particular court. In the instant case it is conceded that the process was not served on the witness, nor was it shown that the accused knew anything about her whereabouts.

 █ It is also assigned as error that the property burglarized was alleged in the indictment to be the property of Edd Alexander, whereas the proof disclosed without dispute that the building belonged to the heirs of A. B. Myers, Sr. and the devisees under his will, which had been probated and was duly of record in the office of the Chancery Clerk of Calhoun County, Mississippi. Much of the proof in the case disclosed that the building was referred to by the witnesses as the property of the Alexander Tractor Company, but the proof also disclosed that Edd Alexander was the owner and operator of the business known as the Alexander Tractor Company and that he was in the rightful possession thereof. It was not shown as to whether the Alexander Tractor Company was a foreign or a domestic corporation. We think there was a fatal variance between the indictment and the proof.

 █ It is next assigned as error that at the instance of the appellant Bynum, his co-indictee Thomas Upton Hitt, Jr. was called as a witness by the court and testified that he went to the store building, burglarized the store and stole the saws; that he carried the saws to Tallahatchie County and sold them to a man named Edd Collette, the keeper of a beer joint in that county, and that the appellant Bynum "did not have a thing in the world to do with the burglary and larceny" except to

ride down to Tallahatchie County with him. On cross-examination, the co-indictee Hitt was asked "Didn't you and he (appellant) agree that you all would go over and break into this place?", and answered "He (appellant) didn't know anything about it. I had helped them put the saws together that day," (meaning that he had become familiar with the location of the saws). Hitt further testified that he was promised two years probation if he would implicate the appellant in the burglary and larceny.

On the trial of the case against the appellant Bynum, the State was permitted to prove that the co-indictee Hitt had told the officers (out of the presence of the appellant) that he and the appellant burglarized the building and stole the saws. This statement was objected to as having been made out of the presence of the appellant, but the objection was overruled. This statement is alleged to have been made to Highway Patrolman Ellard, Sheriff Shumake and Mr. D. B. Crockett. See Foster v. State, 92 Miss. 257, 45 So. 859; Grantham, et al. v. The State, 167 Miss. 221, 149 So. 798; Pieper v. State, 242 Miss. 49, 134 So. 2d 157. We think that under these authorities it was reversible error to show what Hitt said to the above mentioned three persons out of the presence and hearing of the appellant Bynum when implicating him in the said burglary and larceny as proof of appellant's guilt.

We shall now discuss some of the other errors assigned on this appeal. During the progress of the trial of the appellant, the defendant, not wanting to vouch for the testimony of his co-defendant, Thomas Upton Hitt, Jr., requested that he be called as a witness by the court, and whereupon the trial court stated into the record the following: "At the request of the defendant, the witness Tommy Hitt is called and because of the nature of this matter and the peculiar position that Tommy Hitt occupies, the court is going to permit

counsel for both sides to cross-examine Tommy Hitt, it being understood that neither side will be responsible for his testimony in the sense that they would be responsible for their own testimony. Is that agreeable with counsel?

"MR. YANCY: It is agreeable with the State.

"MR. WILLIAMS: It will have to be agreeable with the defendant."

We do not think that either party is entitled to put a witness on the stand with the understanding that neither side will be responsible for his testimony, as was done in this case. This was error but the same was not assigned since this procedure occurred at the request of the appellant. The procedure should not be followed on a retrial of the case.

██ There were two erroneous instructions granted the State at the trial. The jury was first instructed that "if you further believe beyond a reasonable doubt from the evidence in this case that the defendant Manual J. Bynum was then and there present, aiding, abetting, encouraging and assisting in the said wilful, felonious and burglarious breaking and entering of said building, and the wilful, and felonious taking of the saws aforesaid, then it is your sworn duty to convict the defendant whether he actually broke and entered the said building or not * * *" in the breaking and entry of the building.

██ The next erroneous instruction reads, as follows: "The Court instructs the Jury that if you believe that Manuel J. Bynum alone, or in conjunction with another, committed a burglary, and that they, or either of them did then and there commit Larceny, all as charged in indictment and that the defendant Manuel J. Bynum, assisted, aided, and abetted such crime or counseled in carrying it out, it is your sworn duty to find the defendant guilty as charged." It will be observed that this instruction neither requires the jury

to believe the defendant guilty from a preponderance of the evidence, nor beyond every reasonable doubt and to the exclusion of every other reasonable hypothesis.

The two foregoing instructions were cured to the extent that the defendant obtained an instruction requiring the jury to believe him guilty beyond every reasonable doubt and to the exclusion of every other reasonable hypothesis before they would be warranted in convicting him. We think that the two erroneous instructions hereinabove first mentioned were nevertheless misleading, and although not reversible error on account of the instruction obtained by the defendant, as aforesaid, the same should not be given on a retrial of the case.

Moreover, the court refused an instruction to the defendant, which we think, under all of the facts and circumstances, he was entitled to have had granted in the following words: "The Court instructs the jury for the defendant that if you believe from the evidence in this case there is a probability of the innocence of the defendant, then there is a reasonable doubt as to his guilt, and the jury must return a verdict of not guilty", with the exception that at the conclusion thereof it should contain the phrase "in such case" and should read "and in such case the jury must return a verdict of not guilty." Browning v. State, 30 Miss. 656; Mixon v. State, 55 Miss. 525; Nelms v. State, 58 Miss. 367; and Jones v. State, 141 Miss. 894, 107 So. 8.

There was also a fatal variance between the indictment which alleged that the building broken into was "the property of Edd Alexander", whereas the proof showed that the ownership thereof was in the heirs-at-law and devisees of A. B. Myers, Sr., deceased, and that Edd Alexander, or the Alexander Tractor Company, was the lessee thereof. The indictment should have been amended so as to allege the relation of Edd Alexander thereto as a lessee in possession.

We have therefore concluded that the case should be, and is, reversed and remanded for another trial.

Reversed and remanded.

*Kyle, Arrington, Ethridge,* and *Rodgers, JJ.,* concur.