# IN THE SUPREME COURT OF MISSISSIPPI
## NO. 97-CA-00950-SCT

*KENNY SCOTT DAVIS*

*v.*

*WAL-MART STORES, INC.*

| | |
|---|---|
| DATE OF JUDGMENT: | 07/08/1997 |
| TRIAL JUDGE: | HON. MARCUS D. GORDON |
| COURT FROM WHICH APPEALED: | NESHOBA COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | THOMAS L. BOOKER, JR. |
| | LAUREL G. WEIR |
| ATTORNEY FOR APPELLEE: | EDLEY H. JONES, III |
| NATURE OF THE CASE: | CIVIL - TORTS - OTHER THAN PERSONAL INJURY AND PROPERTY DAMAGE |
| DISPOSITION: | AFFIRMED - 12/17/98 |
| MOTION FOR REHEARING FILED: | 12/28/98 |
| MANDATE ISSUED: | 4/12/99 |

**BEFORE PITTMAN, P.J., SMITH AND MILLS, JJ.**

**MILLS, JUSTICE, FOR THE COURT:**

## STATEMENT OF THE CASE

¶1. On August 23, 1996, Kenny Scott Davis filed this defamation action in the Circuit Court of Neshoba County against Wal-Mart Stores, Inc. after an incident at the Wal-Mart store in Philadelphia, Mississippi. The Neshoba County jury found for Wal-Mart. From this judgment, Davis appeals assigning the following as error:

> **I. WHETHER THE TRIAL COURT'S APPROVAL OF INSTRUCTION D-6 AS AMENDED WAS REVERSIBLE ERROR.**

> **II. WHETHER THE JURY'S VERDICT WAS AGAINST THE OVERWHELMING WEIGHT OF THE EVIDENCE.**

> **III. WHETHER THE TRIAL COURT ERRED IN REFUSING TO GRANT THE CHALLENGES FOR CAUSE DAVIS REQUESTED WHEN FAMILY MEMBERS OF**

**THE JURORS WERE WAL-MART EMPLOYEES.**

## STATEMENT OF FACTS

¶2. Kenny Scott Davis was a customer at Wal-Mart in Philadelphia, Mississippi, around five o'clock in the afternoon on July 10, 1996. He purchased some cigarettes and a lighter and received a receipt. That same day, Davis purchased contacts at the Supervision Center inside the Philadelphia Wal-Mart, and he received a receipt from Supervision.

¶3. At some point during his visit to Wal-Mart, Davis was in the front of the Wal-Mart building near the video games. Either prior to this point or while near the video games, a Wal-Mart greeter, Jim Holland, asked Davis to present his receipt for the cigarette purchase. Davis contends Holland accused him of shoplifting and then states he was surrounded by several Wal-Mart employees and for all practical purposes restrained from leaving the area until he produced his receipt. Holland states he followed Davis out of the store, but claims he never touched Davis or accused him of shoplifting. A security guard, Steven Settlemire, was present at the front entrance to the store and testified Davis was never physically restrained. Settlemire used his walkie-talkie to call the store manager, Jerry Reynolds, to the front of the store. When Reynolds arrived, he again asked for Davis's receipt. Davis eventually showed his receipt to Reynolds at which time Reynolds returned inside the store and the discussion ended.

¶4. Davis testified that several other customers were gathered around during the incident, and he believes his car cleanup and detailing business suffered as a result. He notes a general decline in his business. He asserts he is now teased about the incident by the women at the Supervision Center. He testified he sometimes lies awake at night worried about the effect this incident will have on his children and their reputation in the community.

## I. WHETHER THE TRIAL COURT'S APPROVAL OF INSTRUCTION D-6 WAS REVERSIBLE ERROR.

¶5. Davis objects to the trial court's approval of the following jury instruction:

> The Court instructs the jury that in order to question a person to investigate whether merchandise of a store had been taken without payment therefor, the store must show that it acted in good faith and had probable cause to question a customer, and the jury is further instructed that under such circumstances, the questioning of the Plaintiff must be in a reasonable manner, and if you believe from a preponderance of the evidence in this case that Wal-Mart questioned the Plaintiff in good faith and having probable cause to reasonably believe he was guilty of shoplifting or had merchandise that had not been paid for, and questioned him in a reasonable and prudent manner, then your verdict should be for the Defendant.

Counsel for Davis asserts that the portion of the instruction which reads, "merchandise that had not been paid for" goes to the weight of the evidence and amounts to a grant of a directed verdict for Wal-Mart. Davis argues that the instruction "wrongfully tells the jury that if the defendant thought appellant at any time had unpaid merchandise [sic], then they had a right to do the acts complained about in this case." Davis asserts that the instruction effectively told the jury that if someone walks out of the store, Wal-Mart has a right to search them. Wal-Mart contends the instruction was narrowly drawn to match the statutory language and accurately depicted the law. The statute which allows stores like Wal-Mart to question

customers upon suspicion of shoplifting reads as follows:

> If any person shall commit or attempt to commit the offense of shoplifting, or if any person shall wilfully conceal upon his person or otherwise any unpurchased goods, wares or merchandise held or owned by any store of mercantile establishment, the merchant or any employee thereof or any peace or police officer, acting in good faith and upon probable cause based upon reasonable grounds therefor, may question such person in a reasonable manner for the purpose of ascertaining whether or not such person is guilty of shoplifting as defined herein.

Miss. Code Ann. § 97-23-95 (1994).

¶6. Davis notes and we have held that if jury instructions fail to set out the applicable law, the case must be reversed and remanded. *See Boone v. Wal-Mart Stores*, 680 So.2d 844 (Miss. 1996). In *Boone*, the instruction was much the same as the one here. However, it failed to instruct the jury that questioning of the alleged shoplifter must be done in a reasonable manner. *Id.* at 847. Aside from this flaw, the trial court's choice of language in the *Boone* case was almost identical to the language used in the instant case. It read in pertinent part: "The law of the State of Mississippi allows a merchant to stop and question a person to investigate whether merchandise of Wal-Mart Stores, Inc. had been taken, if you find a preponderance of the evidence that Wal-Mart's employees acted in good faith and upon probable cause, based upon reasonable grounds therefore, to suspect [defendants] of shoplifting." *Id.*

¶7. We agreed in *Boone* that this language stated the proper determination for a jury, but held a jury must also be instructed regarding the reasonableness of questioning the alleged shoplifter. *Id.* The instruction in the instant case properly requires the jury to determine whether or not the questioning by Wal-Mart employees was reasonable.

¶8. Our shoplifting statute states it is prima facie evidence of shoplifting when a person removes or causes removal of unpurchased merchandise from a store. Miss. Code Ann. § 97-23-93 (2)(b) (1994). The jury instruction in the instant case stated, "if you believe from a preponderance of the evidence in this case that Wal-Mart questioned the Plaintiff in good faith and having probable cause to reasonably believe he was guilty of shoplifting or had merchandise that had not been paid for. . . ." It is undisputed that Davis was either leaving or had already left the store when the events in question occurred. The final portion of the instruction merely restated the definition of shoplifting and was written so that it must be read to include "probable cause to believe he. . . had merchandise that had not been paid for."

¶9. Counsel for Davis asserted at trial that if probable cause were added before the last portion, he would have no strong objection to the instruction. The instruction given includes this probable cause language and states the law accurately. Therefore, there was no error in the trial court's grant of jury instruction D-6.

## II. WHETHER THE JURY'S VERDICT WAS AGAINST THE OVERWHELMING WEIGHT OF THE EVIDENCE.

¶10. Davis asserts that the jury verdict for Wal-Mart was against the overwhelming weight of the evidence since Wal-Mart never introduced evidence to show any of its employees believed Davis was guilty of shoplifting. Davis asserts the trial court should have granted his motion for a new trial.

¶11. A motion for a new trial may be granted in several circumstances including where faulty jury instructions have been given, where the verdict is against the overwhelming weight of the evidence, or where

bias, passion or prejudice have tainted the jury's verdict. *Daniels v. Wal-Mart Stores, Inc*, 634 So.2d 88, 94 (Miss. 1993)(*citing* **Bobby Kitchens v. Mississippi Ins. Guar. Ass'n,** 560 So.2d 129, 132 (Miss. 1989)). However, we will only reverse the denial of a motion for a new trial when the trial court has abused its discretion. **Id.**

¶12. Davis notes that two witnesses testified it was common practice for the store to ask to see customer receipts without any probable cause at all. The witnesses testified customers were stopped at random. However, Wal-Mart employee Jim Holland also stated there was a reasonable explanation for the questioning. He saw Davis leaving the store with only a package of cigarettes in his hand and no visible receipt or sack like customers who pay at the register normally receive. Wal-Mart asserts this incident did not rise to the level of the "traditional stop and question scenario." It claims that Mr. Davis was never asked anything more than to produce a receipt and was never detained. It asserts that based on the jury's fifteen minute deliberation, it is clear there was not adequate evidence to determine Davis was damaged by Wal-Mart.

¶13. There was credible evidence to support the jury's verdict. The jury was properly instructed to determine the following issues: (1) Was Wal-Mart negligent in accusing Davis of shoplifting or stealing in the presence of others and the general public and wrongfully searching him without just cause in the presence of the general public and others? (2) Was Davis injured or damaged as a result of these acts? In addition, it was instructed that Davis had a duty to prove each element of his defamation action, including damage, by a preponderance of the evidence.

¶14. There was adequate testimony from both sides to allow the jury to make factual determinations and decide if Wal-Mart was negligent due to a lack of probable cause. As always, the jury was charged with the duty to weigh the credibility of the witnesses. To find for Davis, the jury also had to conclude he had been injured. It is clear the jury decided Wal-Mart's witnesses were more credible than Davis. The verdict in favor of Wal-Mart had a basis in evidence and there was no error in the trial court's decision not to grant a new trial.

### III. WHETHER THE TRIAL COURT ERRED IN REFUSING TO GRANT THE CHALLENGES FOR CAUSE DAVIS REQUESTED WHEN FAMILY MEMBERS OF THE JURORS WERE WAL-MART EMPLOYEES.

¶15. Davis contends the court erred by failing to excuse jurors with family members who worked at Wal-Mart. The trial court did excuse jurors who either worked at Wal-Mart or lived in the same household with someone who worked at Wal-Mart. Wal-Mart asserts Davis waived his right to object to failure of the court to excuse jurors for cause when he failed to use all of his peremptory challenges. This Court has a long standing rule that when a party has challenges remaining and fails to use them, he cannot object to the court for failing to excuse a juror for cause. *Capler v. City of Greenville*, 207 So.2d 339, 341 (Miss. 1968)(citing **Bone v. State**, 207 Miss. 20, 41 So.2d 347 (1949)).

¶16. The threshold test for an objection to the court's failure to excuse a juror for cause is a showing on appeal that the objecting party had used all of his peremptory challenges and the party was forced to take the incompetent juror. *Chisolm v. State*, 529 So.2d 635, 639 (Miss. 1988). Any other rule would allow the objecting party to take advantage of error he helped commit. *Capler*, 207 So.2d at 341.

¶17. Davis admits he only used three of his peremptory challenges yet still cites a case where the counsel

moved to quash the jury panel for violations of jury statutes and fraud. *Hudson v. Taleff*, 546 So.2d 359 (Miss. 1989). *Hudson* is not helpful to this Court's determination and Davis is barred from objecting to the trial court's failure to strike jurors for cause.

## CONCLUSION

¶18. Finding no error in any of the assignments listed by Davis, the verdict of the jury in the Neshoba County Circuit Court is affirmed.

¶19. **AFFIRMED.**

**PRATHER, C.J., SULLIVAN AND PITTMAN, P.JJ., BANKS, McRAE, ROBERTS, SMITH AND WALLER, JJ., CONCUR.**