832 So.2d 1260 (2002)
Brenda DUCKSWORTH, Appellant,
v.
WAL-MART STORES, INC., Appellee.
No. 2002-CA-00013-COA.
Court of Appeals of Mississippi.
December 17, 2002.
*1261 P. Shawn Harris, attorney for appellant.
Edley H. Jones, Ridgeland, attorney for appellee.
Before SOUTHWICK, P.J., BRIDGES, LEE and MYERS, JJ.
LEE, J., for the court.

PROCEDURAL HISTORY AND FACTS
¶ 1. This is an appeal from the Circuit Court of Scott County concerning a "slip and fall" case. Brenda Ducksworth was shopping in Wal-Mart on July 6, 1996, for a ceiling fan. While looking up towards a ceiling fan display, Ms. Ducksworth turned down an aisle and slipped on an unidentified substance, landing on her buttocks. Ms. Ducksworth filed suit against Wal-Mart Stores, Inc., on July 2, 1999. A trial began on October 4, 2001, and, after the close of Ms. Ducksworth's case, Wal-Mart moved for a directed verdict. The court heard arguments from both sides and subsequently granted Wal-Mart's motion. Ms. Ducksworth appeals to this Court asserting that the lower court erred in granting the directed verdict because there was sufficient evidence to establish a jury question as to the length of time the substance was on the floor. Finding there was sufficient evidence to create a question of fact for the jury, we reverse and remand.

DISCUSSION OF ISSUE
I. DID THE LOWER COURT ERR IN GRANTING WAL-MART'S MOTION FOR A DIRECTED VERDICT?
*1262 ¶ 2. Ms. Ducksworth contends that sufficient evidence existed to present the facts to the jury. Specifically, Ms. Ducksworth claims that the condition of the spill indicated that the unidentified substance had been there long enough for other people to track through and to establish constructive notice of the spill to any Wal-Mart employees. We look to our standard of review concerning directed verdicts:
On appeal, we conduct a de novo standard of review of motions for directed verdict. When deciding whether the granting of a motion for directed verdict was proper by the lower court, this Court considers the evidence in the light most favorable to the non-moving party and gives that party the benefit of all favorable inferences that may be reasonably drawn from the evidence presented at trial.
Houston v. York, 755 So.2d 495 (¶ 12) (Miss.Ct.App.1999). If those facts and inferences, so viewed, can be said to create a question of fact from which reasonable minds could differ, then the matter should be submitted to the jury, and the directed verdict should not be granted. Id.
¶ 3. It is well known that the owner or operator of a business premises owes a duty to an invitee to exercise reasonable care in keeping the premises in a reasonably safe condition. Waller v. Dixieland Food Stores, Inc., 492 So.2d 283, 285 (Miss.1986). It is also well settled that the owner or occupant is not an insurer against all injuries. Ball v. Dominion Ins. Corp., 794 So.2d 271(¶ 13) (Miss. Ct.App.2001). However, when the dangerous condition is caused by a third party unconnected with the store's operation, the burden is on the plaintiff to prove by a preponderance of the evidence that the danger existed long enough to impute constructive knowledge to the store. Jerry Lee's Grocery, Inc. v. Thompson, 528 So.2d 293, 295 (Miss.1988). The jury should be allowed to determine whether the store created the dangerous condition or had actual or constructive knowledge that the condition existed on the date of the incident. Anderson v. B.H. Acquisition, Inc., 771 So.2d 914(¶ 12) (Miss.2000).
¶ 4. From the record, it is clear that there are questions as to how long the spill had been on the floor. Ms. Ducksworth produced a photograph of the spill in question, which was admitted into evidence but never shown to the jury. This photograph was taken by Ms. Ducksworth's daughter and it shows the condition of the spill directly after Ms. Ducksworth fell. The spill was dirty, with shoe prints and cart tracks in it. After Ms. Ducksworth's casein-chief was presented, Wal-Mart rested without producing any rebuttal evidence, such as testimony by store employees who check the aisles periodically for hazards. Although a jury might have found for Wal-Mart, the question of whether Wal-Mart was negligent or had actual or constructive knowledge that the spill existed should have been presented. The photograph's condition created a question of fact that should have been resolved by the jury. Finding that the facts and inferences created a question of fact from which reasonable minds could differ, we conclude that the lower court erred in granting a directed verdict for Wal-Mart; therefore, we reverse and remand.
¶ 5. THE JUDGMENT OF THE SCOTT COUNTY CIRCUIT COURT IS REVERSED AND REMANDED. COSTS OF THIS APPEAL ARE TAXED TO THE APPELLEE.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, *1263 THOMAS, MYERS, CHANDLER AND BRANTLEY, JJ., CONCUR. IRVING, J., NOT PARTICIPATING.